IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,752-01






EX PARTE COY FORD SMITH, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 08-05-05139-CR IN THE 284TH DISTRICT COURT


FROM MONTGOMERY COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to ten years' imprisonment. He did not appeal his conviction.

 Applicant contends that his trial counsel rendered ineffective assistance because he failed to
convey a plea offer. The trial court found that counsel conveyed a plea offer to Applicant on October
29, 2009, and that Applicant rejected the offer. The trial court recommended that we deny relief. We
believe that the record is not sufficient to resolve Applicant's claim. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the
trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make further findings of fact as to whether there is evidence from the
records of the Montgomery County Jail indicating that counsel visited Applicant there on October
29, 2009, as counsel stated in his March 11, 2011 affidavit. The trial court shall then make further
findings of fact as to whether counsel conveyed a plea offer to Applicant on October 29, 2009. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any records from the Montgomery
County Jail the trial court might rely on shall also be returned to this Court within 120 days of the
date of this order. Any extensions of time shall be obtained from this Court. 



Filed: August 24, 2011

Do not publish